**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| SHERRIE LORENZANA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. |
| vs. ) | |
| ) | |
| DYNAMIC RECOVERY SOLUTIONS ) | |
| LLC, ) | **JURY DEMAND ENDORSED HEREON** |
| ) | |
| Defendant. ) | |

### COMPLAINT

NOW COMES the Plaintiff, SHERRIE LORENZANA, by and through her attorney, JAMES M. ERVIN, and for her Complaint against the Defendant, DYNAMIC RECOVERY SOLUTIONS LLC, Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1.   This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

### JURISDICTION AND VENUE

2.   Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3.   Plaintiff is an individual who was at all relevant times residing in Myrtle Beach, South Carolina.

4.	Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5.	At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6.	The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7.	On information and belief, Defendant is a limited liability company of the State of South Carolina and which has its principal place of business in Columbia, South Carolina.

## ALLEGATIONS

8.	Defendant, through its agents, representatives and/or employees, including, but not limited to an individual representing himself as Greg Smith (hereinafter "Smith"), began contacting Plaintiff during or about June or July 2012 in attempts to collect the aforementioned alleged debt.

9.	In a telephone conversation with Plaintiff on or about July 27, 2012, Smith stated he was collecting for Household Bank, who on information and belief no longer owns this account.  Smith also threatened to take money from Plaintiff's tax refund to satisfy the alleged debt, despite not having a judgment against Plaintiff with regard to this alleged debt.

10.	In other telephone communications with Plaintiff, Defendant's agents, representatives and/or employees used obscene and or profane language with Plaintiff, and ended one telephone communication by hanging up on Plaintiff.

11. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

   a. Using obscene or profane language and/or language the natural consequence of which was to abuse Plaintiff, in violation of 15 U.S.C. § 1692d(2);

   b. Falsely representing the character, amount and/or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

   c. Representing or implying that nonpayment of the alleged debt would result in the seizure, garnishment, attachment and/or sale of Plaintiff's property where such action was unlawful and/or Defendant did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

   d. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

   e. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10); and

   f. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

12. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, SHERRIE LORENZANA, respectfully prays for a judgment against Defendant as follows:

    a.    Statutory damages of $1,000.00 for each violation of the FDCPA;

    b.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c.    Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ James M. Ervin
James M. Ervin
Federal Bar ID No. 9537
Attorney for Plaintiffs
Luxenburg & Levin, LLC
1824 Bull Street
Columbia SC 29201
(888) 493-0770, ext. 308 (phone)
(866) 551-7791 (facsimile)
James@LuxenburgLevin.com